Judge: Timothy W. Dore
Chapter: 13
Hearing Date: October 17, 2018
Hearing Time: 9:30 a.m.
Hearing Location:
U.S. Bankruptcy Court
700 Stewart St #8106
Seattle, WA 98101
Response Date: October 10, 2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

KAREN GISELA SOLIS,

        Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 15-16040-TWD

OBJECTION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY

Jason Wilson-Aguilar, Chapter 13 Trustee, objects to the debtor's Motion for Order Authorizing Sale of Real Property Free and Clear of Liens and Fully Fund Chapter 13 Plan (ECF No. 61):

The debtor wants to sell the real property at 17225 Military Road South, SeaTac, Washington for $385,000.00. The Trustee objects:

1) The debtor did not include an estimated settlement statement for review.

2) The compensation counsel is requesting should be paid by the Trustee from debtor's plan payments, not through closing of the sale. Local Bankr. R. 3015-1(j). Moreover, counsel has separately moved for approval of compensation (ECF No. 62).

3) The debtor appears to be under the mistaken impression that she does not need to complete her plan payments in order to receive a discharge. The debtor indicates that she

> is currently behind $28,206, representing payments due on the first mortgage and the first mortgage arrears. The Chapter 13 arrearage on the first mortgage will be paid from escrow. The sum of $2,156.94 will be paid to the trustee representing the trustee's fee on the missed payments in February and April through November (9 months x $239.66/month = $2,156.94).

///

OBJECTION TO MOTION FOR ORDER
AUTHORIZING SALE OF REAL
PROPERTY - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

> Upon making said payments, the debtor will be entitled to a discharge pursuant to 11 U.S.C. § 1328(a). . . .

(ECF No. 61).

The debtor's confirmed plan provides for monthly plan payments of $3,886.00 and an applicable commitment period of thirty-six months (ECF No. 29). Based on that plan, the debtor would need to make plan payments totaling at least $139,896.00 ($3,886.00 multiplied by the debtor's thirty-six month applicable commitment period). The Trustee has received $109,200.00 from the debtor. *See attached declaration.* Based on the debtor's confirmed plan, the debtor is $30,696.00 short of making her plan payments for a period of thirty-six months ($139,896.00 due minus $109,200.00 paid). The Court modified the debtor's plan to increase the debtor's monthly plan payment to $4,062.00 beginning July 2017. Based on the debtor's confirmed plan and the subsequent plan modification, the debtor is $33,512.00 short of making her plan payments for a period of thirty-six months.[1] Based on the Trustee's records, filed unsecured claims total $78,520.60. *See attached declaration.* The debtor has not paid any of that amount. *See attached declaration.*

In any event, the debtor is not entitled to a discharge because she has not made all of her plan payments. The debtor's apparently theory is that the plan payments she would have made would have been all or mostly paid to the mortgage lender, but that does not excuse the debtor from making the plan payments. To be eligible for a discharge, a debtor must "complet[ ] . . . *all* payments under the plan." 11 U.S.C. § 1328(a) (emphasis added); *see also Fridley v. Forsythe (In re Fridley)*, 380 B.R. 538, 545-46 (B.A.P. 9th Cir. 2007) (debtors must complete their plan payments to be eligible for a discharge). As noted by the Ninth Circuit

> Section 1328(a) mandates the granting of a 'full compliance' discharge 'after completion by the debtor of all payments under the plan....' The Debtors [in this case] have not met this condition, and so cannot claim any right to the discharge granted them.

*Cisneros v. United States (In re Cisneros)*, 994 F.2d 1462, 1466 (9th Cir. 1993) (the court vacated

---

[1] A monthly plan payment of $3,886.00 for twenty months and a monthly plan payment of $4,062.00 for sixteen months ($143,416.00 total) minus $109,200.00 paid.

OBJECTION TO MOTION FOR ORDER
AUTHORIZING SALE OF REAL
PROPERTY - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 15-16040-TWD    Doc 68    Filed 10/09/18    Ent. 10/09/18 13:43:51    Pg. 2 of 4

the debtor's mistakenly entered order of discharge because the debtors had not completed their plan payments). *See also Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 341-42 (B.A.P. 9th Cir. 2015) (determining that cause for dismissal existed because the debtors did not pay unsecured creditors the percentage dividend provided for under the plan). Because the debtor has not completed her plan payments, she is not eligible for a discharge.

Moreover, a debtor must meet her required applicable commitment period by making her plan payments unless the plan provides for payment in full of allowed unsecured claims. 11 U.S.C. § 1325(b)(4). The debtor has not paid allowed unsecured claims in full. The debtor's apparent assertion is that she filed her case more than thirty-six months ago and is therefore entitled to a discharge. That is not a reasonable assertion. The point of a commitment period is to make payments for the specified period of time to pay creditors, not merely to let time expire without making plan payments. *See generally* 11 U.S.C. § 1325(b)(4); *Danielson v. Flores (In re Flores),* 735 F.3d 855 (9th Cir. 2013).

Moreover, if the debtor sells her real property and there is no mortgage to be paid from the debtor's plan payments, then unsecured claims would be entitled to the funds that would have otherwise been paid to the mortgage lender / servicer. Lastly, the Court's order regarding the Trustee's Motion to Dismiss specifically provided that the order did not excuse any plan payment delinquency (ECF No. 56; ¶ 2). In sum, the debtor would need to make all of her plan payments to obtain a discharge and she has not done so.

4) The debtor also requests that the Court allow her to record an order avoiding the debtor's junior mortgage lien. That is not an appropriate request, as the debtor has not completed her plan and she is not entitled to a discharge. Notably, the Court's order avoiding the junior mortgage lien as wholly unsecured provides that the judgment "shall become finally effective upon completion of the Debtor's plan" (Adv. Proc. No. 16-01031-TWD; ECF No. 9). For the reasons noted above, the debtor has not completed her plan.

5) The Trustee reserves the right to assert additional bases for his objection.

///

///

OBJECTION TO MOTION FOR ORDER AUTHORIZING SALE OF REAL PROPERTY - 3

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 15-16040-TWD    Doc 68    Filed 10/09/18    Ent. 10/09/18 13:43:51    Pg. 3 of 4

| | |
|---|---|
| 1 | WHEREFORE, the Chapter 13 Trustee requests that the Court deny the debtor's Motion for Order Authorizing Sale of Real Property Free and Clear of Liens and Fully Fund Chapter 13 Plan (ECF No. 61). |

Dated this 9th day of October 2018

                                            */s/ Jason Wilson-Aguilar*, WSBA #33582 for
                                            JASON WILSON-AGUILAR
                                            Chapter 13 Trustee

OBJECTION TO MOTION FOR ORDER
AUTHORIZING SALE OF REAL
PROPERTY - 4

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 15-16040-TWD    Doc 68    Filed 10/09/18    Ent. 10/09/18 13:43:51    Pg. 4 of 4